**Mollie Revzen, Appellee, v. Gertrude Brown et al., Defendants.**
**Appeal of August Stiewe et al., Appellants.**

**Gen. No. 40,081.**

Heard in the third division of this court for the first district at the April term, 1938. Opinion filed November 30, 1938.

DANIEL ROBERTS and NEWELL MECARTNEY, both of Chicago, for appellants.

PRITZKER & PRITZKER, of Chicago, for appellee; NICHOLAS J. PRITZKER, RICHARD WEINBERGER, and WESLEY TEGTMEIER, all of Chicago, of counsel.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

The complaint in this cause is for partition of the premises described therein and located in Chicago, Illinois, and was filed in the circuit court, to which answers of certain defendants were also filed. The court entered a decree defaulting "unknown owners" of notes secured by trust deeds on the premises and ordered the sale of the premises. Defendants appellants held $11,500 of said notes and petitioned the court and obtained leave to appear and answer. They set up that their notes and trust deed were in foreclosure in the superior court and a receiver of said court was in possession of the entire premises and that a tenant had leased said premises and was occupying the same. Their motion to vacate the decree and dismiss the complaint was denied and their answer was dismissed on motion, from which order they bring this appeal.

It is quite evident from an examination of this record that this decree must be reversed.

When this suit was commenced no summons or notice appears to have been given to those in possession of the real estate.

It further appears that although it was necessary for the plaintiff to amend her bill several times in order to have the proper parties before the court, $300 was allowed as plaintiff's solicitor's fees.

It further appears from the decree that the intervening parties defendant, whom the court permitted to answer, claimed that the sale price of the property was too low; that the property was under contract of sale for $8,000, but that it was sold for only $2,525; that other lots in the same block sold for $400 per front foot and that this property was worth in excess of $40,000; that the mortgages on said property were in excess of $30,000.

The decree contained a very unusual provision, namely, that after sale and the payment of costs, the master should retain the balance of the money for one year and if the mortgagees did not come to claim it during that time and make adequate proof of claim, the money should be turned over to the owners of the fee.

The court should not have dismissed the petitions or answers of the defendants but should have determined their rights or the absence of such and should have entered a decree in relation thereto. Further, the court should not have approved the sale of the premises at such a low price, in view of the facts as set up in the petitions as to the value of the premises, and in compliance with the provisions of the following statute.

Chapter 106, pars. 14 and 15 of the Partition Act, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 109.462, 109.463], provides as follows:

"14. INTERPLEADER.] § 14. During the pendency of any such suit any person claiming to be interested in the premises to be assigned or aparted may appear and answer the complaint, and assert his or her rights, by way of interpleader; and the court shall decide upon

the rights of all persons appearing as aforesaid, as though they had been made parties in the first instance.

"15. JUDGMENT.] § 15. The court shall ascertain and declare the rights, titles and interest of all the parties to such suit, the plaintiffs as well as the defendants, and shall give judgment according to the rights of the parties."

Other errors appear in the record, but as they may be corrected when the case is retried we shall not advert to them at this time.

For the reasons herein given the orders dismissing the answers and petitions of the defendants, as well as the decree entered in said partition suit, are reversed and set aside and the cause is remanded to the circuit court with directions to hear all parties as to their rights and interests in the said premises in pursuance with the terms of the statute.

*Decree reversed and cause remanded with directions.*
HALL, P. J., and HEBEL, J., concur.